**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BERNARD FIELDS, et. al., #194310,

    Plaintiffs,

v.                                Case No. 2:08-CV-12410
                                  Honorable Marianne O. Battani
                                  Magistrate Judge Mona K. Majzoub

NICK LUDWICK, et. al.,

    Defendants.
_____/

**OPINION & ORDER DISMISSING PLAINTIFFS' CIVIL RIGHTS COMPLAINT**

      Plaintiff, Bernard Fields, a Michigan state prisoner currently confined at St. Louis Correctional Facility in St. Louis, Michigan, has filed a *pro se* civil rights complaint. Plaintiff makes several claims: (1) his in-coming and out-going mail are being wrongfully confiscated and seized; (2) his ability to utilize the grievance process has been wrongfully impeded; (3) he has been subjected to retaliatory measures because of his grievance filing; (4) he has been denied proper due process within the prison system, i.e., properly held administrative hearings; (5) his file has been sabotaged with false information; (6) conspiracy under 42 U.S.C. §1985; and (7) there has been a failure to intervene pursuant to 42 U.S.C. §1986. Plaintiff further asserts that several other inmates have been subjected to the same improper treatment and has framed his complaint as a class action. Accordingly, Plaintiff maintains that his constitutional rights have been violated and that monetary compensation is appropriate.

## I. Discussion

Plaintiff's complaint was deficient in two respects. First, he failed to pay a civil action filing fee or submit an application to waive prepayment of the fee. Secondly, Plaintiff failed to submit several service copies. On July 9, 2008, this Court issued an "Order of Deficiency for Prisoner Civil Action" and an "Order Directing Plaintiff to Provide Additional Copies." Additionally and more importantly, on July 10, 2008, this Court issued an order requiring Plaintiff to show cause why his complaint should not be dismissed pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court may dismiss a case if, on three or more previous occasions, a federal court has dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g) (1996). The Court's database reveals that Plaintiff has filed eighteen (18) prior prisoner civil rights cases, six of which have been dismissed with prejudice as frivolous or for failing to state a claim for which relief could be granted.[1]

### A. Class Action

In response to the Court's "deficiency" and "copies" orders, Plaintiff filed an objection arguing that this is a class action lawsuit and that each member of the class should be responsible for a portion of the filing fee and for being in compliance with the service copy

---

[1]
| | | |
|---|---|---|
| 99-CV-00343 | 6/11/99 (failure to state a claim) | Western District |
| 98-CV-00905 | 2/8/99 (failure to state a claim) | Western District |
| 00-CV-40060 | 4/20/00 (failure to state a claim) | Eastern District |
| 99-CV-70781 | 3/22/99 (dismissed with prejudice) | Eastern District |
| 99-CV-73096 | 8/18/99 (dismissed with prejudice) | Eastern District |
| 97-CV-76000 | 12/30/97 (frivolous) | Eastern District |

requirement.

In order for this Court to treat this matter as a class action the standards governing certification and maintenance of class actions as set forth in Rule 23 of the Federal Rules of Civil Procedure must be adhered to. In relevant part, Rule 23 provides:

> (a) **Prerequisites to a Class Action**. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

As the language of the rule makes clear, a class action may not be certified unless the named plaintiffs satisfy all four of the prerequisites set forth in subdivision (a), as well as at least one of the conditions set forth in subdivision (b)[2]. *In re American Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). The named plaintiffs bear the burden of establishing

---

[2](b) **Class Actions Maintainable**. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition: (1) the prosecution of separate actions by or against individual members of the class would create a risk of (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of class action. FED. R. CIV. P. 23.

these prerequisites. See *Id*. Because a class action binds parties not involved, and perhaps not aware, of the class action, certification of a class implicates interests protected by the Due Process Clause. For this reason, a court must conduct a "rigorous analysis" of the Rule 23 factors before certifying a class action. *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982).

Here, the Court need not consider each of the factors set forth in Rule 23, because Plaintiff cannot satisfy the fourth prerequisite set forth in subdivision (a), *i.e.*, that he will fairly and adequately represent the interests of the class members. As the Sixth Circuit has explained, to establish adequacy of representation under Rule 23(a)(4), both common interests must exist between the named plaintiff and the purported class members, and "it must appear that the representative will vigorously prosecute the interests of the class *through qualified counsel*." *American Med. Sys.*, 75 F.3d at 1083 (internal quotation omitted). Thus, a court considering class certification must take into account "the experience and ability of counsel for the plaintiffs." *Cross v. National Trust Life Ins. Co.*, 553 F.2d 1026, 1031 (6th Cir. 1977); *cf. General Tel.*, 457 U.S. at 157 n.13.

Here, Plaintiff is proceeding *pro se* and is not represented by counsel. It is well established that "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others. This is because the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (internal quotation omitted). For this reason, "non-attorneys proceeding *pro se* cannot adequately represent a class." *Ziegler v. Michigan*, 90 Fed. Appx. 808, 810 (6th Cir. 2004); *accord Palasty v. Hawk*, 15 Fed. Appx. 197, 200 (6th Cir. 2001); *Fymbo*, 213 F.3d at 1321. Thus, the named *pro se* Plaintiff fails to satisfy the adequacy of

4

representation requirement of Rule 23(a)(4), and he may not maintain a class action on behalf of other persons. Therefore, Plaintiff's objections to complying with the "deficiency" and "copies" orders are without merit.

### B. "Three-Strikes"

In response to the Court's show cause order, although not directly addressing the "three strikes" issue, he again asserts that this matter was filed as a class action. Although the Court notes that on page two of the Complaint, there are several purported names of other inmates who desire to be a part of this civil action, the Court does not find Plaintiff's class action argument persuasive. In addition to the fact that this matter cannot be brought as a class action for the reasons set forth above, all of the exhibits attached to the civil rights complaint primarily pertain to the issues Plaintiff is personally challenging in this matter. Moreover, in light of the fact that Plaintiff is otherwise barred from bringing another civil rights complaint pursuant to 28 U.S.C. § 1915(g), the Court finds that Plaintiff's attempt to file this matter as a class action suit is a means to avoid the "three strikes" bar.

### 1. "Imminent Danger" Exception

A plaintiff may maintain a civil action despite having had three or more civil actions dismissed pursuant to 28 U.S.C. §1915(g) if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. §1915(g). To establish that his complaint falls within the statutory exception to the three strikes rule, Plaintiff must have alleged that he was under imminent danger at the time that he sought to file his complaint. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir.1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and

subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir.1998) (past body cavity searches failed to establish imminent danger of serious physical injury); *Luedtke v. Bertrand*, 32 F.Supp.2d 1074, 1077 (E.D.Wis.1999) (allegation of past physical injury is insufficient to meet statutory exception).

In this case, Plaintiff failed to allege in his Complaint that he was under "imminent" danger of future harm, but rather his claims, as set forth above, were more focused upon administrative and due process violations allegedly committed as retaliatory measures against the Plaintiff.

Plaintiff recently filed with the Court on April 20, 2009 a letter wherein he states that he was stabbed in his left shoulder twice with an unknown object. However, Plaintiff alleged no acts of physical violence against him in his initial complaint. In order to meet the "imminent danger" standard, Plaintiff must have alleged that he was under imminent danger *at the time that he sought to file his complaint.* Plaintiff's latest allegation over eight months after the filing of his complaint is insufficient to avoid the "three strikes" bar. Additionally, Plaintiff fails to link the alleged stabbing incident to his initial complaint except to generally state in his April 20, 2009 letter that "[t]here is a cover up going on in retaliation of writer filing grievances and complaint against SLF staff[ ]." Therefore, Plaintiff's complaint is subject to dismissal under the "three strikes" provision of 28 U.S.C. §1915(g).

## II. Conclusion

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Complaint **[Doc. #1]** is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(g).

IT IS FURTHER ORDERED that should Plaintiff wish to pursue the allegations contained in his complaint, he must submit payment of the $350.00 filing fee within 30 days from the date of this Order. Upon receipt of the filing fee, the Court will re-open the case and review the complaint to determine whether it should be served or should be summarily dismissed under 28 U.S.C. § 1915A(b).

          s/Marianne O. Battani
          HONORABLE MARIANNE O. BATTANI
          UNITED STATES DISTRICT COURT

Dated: May 1, 2009

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all parties of record.

          s/Bernadette M. Thebolt

          Deputy Clerk